UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

NHIA VANG,

Petitioner,

v. Case No. 26-cv-2087-bhl

MARKWAYNE MULLIN, SAMUEL OLSON,
and WARDEN DODGE DETENTION FACILITY,

Respondents.

---

**RULE 4 SCREENING ORDER**

---

Nhia Vang, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Dodge County Jail in Juneau, Wisconsin, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. Under Rule 4 of the Rules Governing §2254 Cases, which can also apply to §2241 petitions, *see* Rule 1(b), Rules Governing §2254 Cases; Civil Local Rule 9(a)(2), the Court will review and screen the petition. As part of the screening process, the Court will dismiss the petition if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See* Rule 4, Rules Governing §2254 Cases.

**BACKGROUND**

According to the petition, Vang is a citizen of Thailand who entered the United States as a refugee in 1988. (ECF No. 1 at ¶2.) He was detained by ICE on October 15, 2026 and is currently in immigration custody at the Dodge County Jail in Juneau, Wisconsin. (*Id.* ¶5–6.)

More than twenty years ago, in 2005, Vang was convicted of first-degree reckless endangerment and served a 15 year prison sentence. (*Id.* ¶¶4, 22.) Following his conviction, on October 12, 2006, an Immigration Judge ordered him removed to Thailand. (*Id.* ¶¶3, 21.) Vang was released from custody in 2020 and placed on a term of supervised release. (*Id.* ¶26.) He contends he has complied with the terms of his release. (*Id.*) On October 15, 2026, Vang was detained as he completed a check-in with the local ICE office pursuant to his order of supervision. (*Id.*).

Vang challenges his detention on three grounds. First, he contends that he was re-detained without notice of the reasons for revocation of his release in violation of due process and that there are no changed circumstances that provide for revocation of his supervised release. (*Id.* ¶58–59). Second, Vang alleges that his detention violates 8 U.S.C. 1231(a) because his removal is not reasonably foreseeable and therefore his detention does not effectuate the purpose of the statute. (*Id.* ¶62). Third, Vang asserts that the *Accardi* Doctrine requires Respondents to follow their own rules and procedures, and that ICE failed to follow 8 C.F.R. §241.13(i) in revoking his supervised release. (*Id.* ¶65–66 (citing *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954)). He maintains that ICE violated regulatory requirements that require ICE to notify noncitizens of the reasons for revocation of their release, conduct an initial informal interview, and afford the noncitizen an opportunity to respond to the reasons for revocation. (*Id.*) Vang further asserts he was never notified of the reasons for revocation or afforded an opportunity to respond to reasons for that revocation. (*Id.*). Vang seeks a writ of habeas corpus requiring Respondents to release him or, in the alternative, order Respondents to show cause why the petition should not be granted within 3 days. (*Id.* ¶8–9.)

## ANALYSIS

A habeas petition under 28 U.S.C. §2241 allows persons in custody to challenge the fact or duration of their confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). The Supreme Court has recognized Section 2241 as a forum for statutory challenges to detention orders in immigration proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 688 (2001).

Based on the allegations in Vang's petition, the Court cannot conclude that he is plainly not entitled to relief and will therefore order Respondents to respond to the petition within three days of service. For good cause, the Court may grant Respondents a short extension if requested and properly supported.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Clerk of the Court shall promptly serve a copy of the petition and this order upon Respondent Dale Schmidt, Sheriff of the Dodge County Jail, pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that the Clerk of Court shall promptly serve a copy of the petition and this order upon (1) Samuel Olson, Field Office Director, Chicago Field Office,

Immigration and Customs Enforcement, (2) Markwayne Mullin, United States Secretary of Homeland Security, and (3) the United States Attorney for the Eastern District of Wisconsin pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

**IT IS FURTHER ORDERED** that Respondents shall respond to the petition within three days from service of this Order.

Dated at Milwaukee, Wisconsin on November 16, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge